

PS

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

MARCUS ANTHONY MICOLO, 03A3985,

    Plaintiff,

-v-

JAMES H. FULLER, et al.,

    Defendants.

**DECISION AND ORDER**
15-CV-6374 EAW

---

Plaintiff Marcus Micolo, proceeding *pro se*, has filed a motion for personal service on Defendants (Docket No. 21) and two additional motions (Docket Nos. 14 and 15) that reiterate his previously denied requests that the Court require defendant Michael Sheahan, the Superintendent of Five Points Correctional Facility, to preserve certain video material related to the incidents involved in this action. (*See* Docket Nos. 6 and 10).

Plaintiff believes that, absent a court order, the automatic destruction of the videotapes will occur in February 2016. (Docket No. 14 at 3). Although he has denominated his motions as a motion for injunctive relief and a motion for a temporary restraining order, it appears from the substance of his submissions that Plaintiff is asking the Court to enter an order requiring the preservation of evidence. "[A] specific order from the court directing one or both parties to preserve evidence is not ordinarily required." *Treppel v. Biovail Corp.*, 233 F.R.D. 363, 370 (S.D.N.Y. 2006) (quotation

omitted). Different courts have applied various standards in determining whether to enter a preservation order, (*see id.*, collecting cases), but, at a minimum, the party seeking a preservation order must demonstrate that the evidence is in some danger of being destroyed absent a court order. *Id.*

Here, Plaintiff appears to believe that the videotapes are in danger of being destroyed due to the Department of Corrections and Community Supervision's ("DOCCS") document retention policy. However, DOCCS is bound by the Federal Rules of Civil Procedure to preserve material related to litigation. *See* Fed. R. Civ. P. 37. This includes "suspend[ing] . . . routine document retention/destruction policy and put[ting] in place a 'litigation hold' to ensure the preservation of relevant documents." *Orbit One Commc'ns, Inc. v. Numerex Corp.*, 271 F.R.D. 429, 437 (S.D.N.Y. 2010) (quotation omitted). Moreover, although DOCCS is not a defendant in this action, this Court has not hesitated to find in appropriate circumstances that "DOCCS employees have control over evidence held by DOCCS." *Wilson v. Hauck*, No. 6:00-CV-6458 EAW, 2015 WL 6511446, at *3 (W.D.N.Y. Oct. 28, 2015); *see also Gross v. Lunduski*, 304 F.R.D. 136, 143-44 (W.D.N.Y. 2014) ("in defending a prisoner's claim of excessive force . . . [corrections officers have] the 'practical ability' to obtain documents held by DOCCS, although a non-party"); *Jackson v. Monin*, No. 13-CV-00004-RJA-JJM, 2015 WL 5714243, at *3 (W.D.N.Y. Sept. 29, 2015) ("practically every other court within the Second Circuit share[s] the same observations . . . that for litigation purposes, unless there is an obvious conflict of interest, DOCCS and its correctional officers are essentially inseparable when defending against constitutional claims") (quotation

omitted). In other words, Defendants have an affirmative obligation to ensure that any relevant evidence (including evidence in the possession of DOCCS) is not destroyed and that obligation exists independent of a preservation order.

The Court retains the power to sanction parties that fail to preserve evidence related to litigation or the possibility of litigation. *See West v. Goodyear Tire & Rubber Co.*, 167 F.3d 776, 779 (2d Cir. 1999) (even in the absence of a discovery order, a court may still impose sanctions for spoliation pursuant to its inherent power to control litigation). As a result, Plaintiff's motions asking that the Court order Defendants to preserve evidence (Docket Nos. 14 and 25) are denied without prejudice.

Plaintiff has also filed a request for production of documents. (Docket No. 13). This request is premature. Local Rule of Civil Procedure 26(b) provides that "[s]ubject to the requirements of Fed. R. Civ. P. 26(a)(1), a party may not seek discovery from any source prior to the Rule 26(f) conference, absent the parties' agreement or a Court order setting a discovery schedule."

With regard to the request for personal service, as a *pro se* prisoner-litigant proceeding *in forma pauperis*, Plaintiff is "entitled to rely on service by the U.S. Marshals." *Romandette v. Weetabix Co.*, 807 F.2d 309, 311 (2d Cir. 1986) (citing Fed. R. Civ. P. 4(c)). The Court requests, in accord with *Valentin v. Dinkens*, 121 F.3d 72 (2d. Cir. 1997), that the Attorney General's Office inform the Court within 20 days of the entry of this Order as to what impediments to service might explain the failure of defendants Mosco, Seidel, Sullivan and Jones to acknowledge service of the complaint in

this matter. Plaintiff's time to serve is hereby extended 120 days from the date of entry of this Order. *See* Fed. R. Civ. P. 4(m).

    SO ORDERED.

                                              ELIZABETH A. WOLFORD
                                              United States District Judge

Dated:        January 12, 2016
               Rochester, New York