UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK



___

MARCUS ANTHONY MICOLO,

                Plaintiff,

v.

JAMES H. FULLER, et al.,

                Defendants.

**DECISION AND ORDER**

6:15-CV-06374 EAW

___

## Introduction

Plaintiff Marcus Anthony Micolo ("Plaintiff") filed this action on June 22, 2015, seeking relief pursuant to 42 U.S.C. §§ 1983, 1985(3), 1986, and 1988. (Dkt. 1). On October 28, 2016, United States District Judge Michael A. Telesca granted in part and denied in part Defendant's motion for summary judgment. (Dkt. 49). The action was then reassigned to the undersigned. (Dkt. 50). Plaintiff has filed a "motion for reargument," asking this Court to "conduct a de novo review" of Judge Telesca's Decision and Order. (Dkt. 53 at 2; *see also* Dkt. 52). For the reasons stated below, Plaintiff's motion is denied.

## Discussion

### I.    Standard of Review

The Federal Rules of Civil Procedure do not recognize a motion for "reargument." *See Schaurer v. Coombe*, 108 F.R.D. 180, 182 (W.D.N.Y. 1985). Although the basis for Plaintiff's motion is not entirely clear, the Court interprets it as one for reconsideration

under Fed. R. Civ. P. 54(b).[1] A district court may reconsider its interlocutory decisions under Rule 54(b), which provides:

> [A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and *may be revised* at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b) (emphasis added); *see also United States v. LoRusso*, 695 F.2d 45, 53 (2d Cir. 1982) ("A district court has the inherent power to reconsider and modify its interlocutory orders prior to the entry of judgment, whether they be oral, or written, and

---

[1] Judge Telesca's Decision and Order is not a judgment as defined in Rule 54(a), in that it is not a "decree . . . [or] order from which an appeal lies." Fed. R. Civ. P. 54(a); *see also* 28 U.S.C. § 1291 (stating that the courts of appeals "shall have jurisdiction of appeals from all *final decisions* of the district courts of the United States" (emphasis added)); *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 467 (noting that a final decision "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." (citation omitted)). The Decision and Order is not a final decision, and no judgment has been entered in the case. Thus, the motion cannot be one under Fed. R. Civ. P. 59(e) or 60(b). *See* Fed. R. Civ. P. 59(e) ("A motion to alter or amend a *judgment* must be filed no later than 28 days after the entry of the judgment." (emphasis added)); Fed. R. Civ. P. 60(b) ("On motion and just terms, the court may relieve a party or its legal representative from a *final* judgment, order, or proceeding. . . ." (emphasis added)); *see, e.g., Harris v. Millington*, 613 F. App'x 56, 58 (2d Cir. 2015) (finding that Rule 60(b) was inapplicable following a grant of summary judgment because a "counterclaim remained pending, and the court did not direct entry of a final judgment."); *Transaero, Inc. v. La Fuerza Aerea Boliviana*, 99 F.3d 538, 541 (2d Cir. 1996) ("By its own terms, Rule 60(b) applies only to judgments that are final."); *Bridgeforth v. McKeon*, No. 09-CV-6162P, 2012 WL 3962378, at *2 (W.D.N.Y. Sept. 10, 2012) (concluding that reconsideration of an interlocutory order was not available under Rule 60(b)); *D.A. Elia Constr. Corp. v. U.S. Fid. & Guar. Co.*, No. 94-CV-0190E(H), 1997 WL 215526, at *2 (W.D.N.Y. Apr. 16, 1997) (concluding that Rules 59(e) and 60(b) do not apply to interlocutory orders); *Burke v. Warren Cty. Sheriff's Dep't*, 916 F. Supp. 181, 183 (N.D.N.Y. 1996) (finding that a Rule 60(b) motion was an "improper procedural vehicle" for a request to reconsider a decision granting summary judgment in favor of some defendants).

there is no provision in the rules or any statute that is inconsistent with this power." (citations omitted)); *United States v. Jerry*, 487 F.2d 600, 605 (3d Cir. 1973) ("[S]o long as the district court has jurisdiction over the case, it possesses inherent power over interlocutory orders, and can reconsider them when it is consonant with justice to do so.").

To merit reconsideration under Rule 54(b), a party must show "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent a manifest injustice." *Official Comm. of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP*, 322 F.3d 147, 167 (2d Cir. 2003) (citation omitted), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 554 (2007). Reconsideration is limited because prior decisions of the court are treated as the law of the case. *Id.* A district court has discretion in reconsidering its prior decisions under Rule 54(b). *Id.* "A party may not use a motion for reconsideration to advance theories of relief or facts that were not previously presented to the court." *Harris v. Millington*, 613 F. App'x 56, 58 (2d Cir. 2015).

## II. Plaintiff has Not Established His Entitlement to Relief

Plaintiff has not raised new or additional evidence or arguments in favor of his motion for reconsideration, nor does he contend that there has been an intervening change in controlling law. Instead, he simply repeats the arguments he originally made. (*See* Dkt. 52; Dkt. 53; Dkt. 62).

Plaintiff's arguments are no more meritorious now than they were when Judge Telesca originally ruled on them. The Court need not repeat the analysis set forth in the

October 28, 2016, Decision and Order, which considered the arguments raised by Plaintiff and set forth Judge Telesca's interpretation of the relevant law. It is sufficient to note that Plaintiff has not demonstrated clear error requiring reconsideration.

Plaintiff raises one argument that merits additional comment. He asserts that the Decision and Order failed to address his claims against the dismissed Defendants brought pursuant to 42 U.S.C. §§ 1985(3) and 1986. (Dkt. 53 at 1). The Decision and Order addressed Plaintiff's conspiracy claims under § 1983. (*See* Dkt. 49 at 15-20). The standard for a conspiracy under § 1983 is significantly similar to the standard under § 1985(3). *Compare Pangburn v. Culbertson*, 200 F.3d 65, 72 (2d Cir. 1999) ("To prove a § 1983 conspiracy, a plaintiff must show: (1) an agreement between two or more state actors or between a state actor and a private entity; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages."), *with Dolan v. Connolly*, 794 F.3d 290, 296 (2d Cir. 2015) ("A conspiracy claim under Section 1985(3) requires a plaintiff to allege: [(1)] a conspiracy; [(2)] for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and [(3)] an act in furtherance of the conspiracy; [(4)] whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States.").

Judge Telesca's determination as to Plaintiff's conspiracy claims—that Plaintiff failed to adequately plead facts which show that Defendants reached an agreement (*see* Dkt. 49 at 15-20)—applies to claims under both § 1983 and § 1985(3). An agreement or

conspiracy is a necessary pleading element under both § 1983 and § 1985(3). *See Upper Hudson Planned Parenthood, Inc. v. Doe*, No. 90-CV-1084, 1991 WL 183863, at *11 n.32 (N.D.N.Y. Sept. 16, 1991) ("For purposes of pleading requirements . . . the Second Circuit has not distinguished between a conspiracy to deprive a person of his constitutional rights under § 1983 and one under § 1985(3); and thus, those cases pertaining to § 1983 conspiracies have equal applicability in this action based upon § 1985(3)."). Plaintiff failed to sufficiently plead the required element that Defendants came to an agreement or entered into a conspiracy.

Additionally, "a § 1986 claim is contingent on a valid § 1985 claim." *Graham v. Henderson*, 89 F.3d 75, 82 (2d Cir. 1996). As such, in the absence of a valid § 1985 claim, Plaintiff's § 1986 claims also fail vis-à-vis the dismissed Defendants.

In sum, Plaintiff has failed to meet the high standard necessary to justify reconsideration of Judge Telesca's October 28, 2016, Decision and Order. Thus, Plaintiff's motion is denied.[2]

---

[2] To the extent that Plaintiff seeks for the first time in his reply papers a default judgment against certain Defendants for their failure to answer his complaint, (*see* Dkt. 62 at 6), Plaintiff's motion is procedurally inadequate. Plaintiff has not filed a motion for a default judgment, nor has he requested that the Clerk of Court enter a default pursuant to Fed. R. Civ. P. 55. Additionally, the Court notes that those Defendants against whom Plaintiff requests a default judgment have answered the complaint. (Dkt. 56).

SO ORDERED.

_____
ELIZABETH A. WOLFORD
United States District Judge

Dated: May 25, 2017
      Rochester, New York